UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND; TRUSTEES OF THE
NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND; and CARPENTER
CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK,

                                Petitioners,

                    -v.-

PRECISION FURNITURE
INSTALLATIONS, LLC,

                                Respondent.

23 Civ. 02852 (JHR)

OPINION AND ORDER

---

JENNIFER H. REARDEN, District Judge:

        The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare

Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund

(the "ERISA Funds," and the trustees thereof, the "Trustees of the ERISA Funds"); the Trustees

of the New York City Carpenters Relief and Charity Fund (the "Charity Fund," and the trustees

thereof, the "Trustees of the Charity Fund"); and the Carpenter Contractor Alliance of

Metropolitan New York ("CCA Metro," and, together with the Trustees of the Funds and the

Trustees of the Charity Fund, the "Funds" or "Petitioners") move to confirm an arbitration award

against Precision Furniture Installations, LLC ("Respondent") pursuant to Section 301 of the Labor

Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185.  Petitioners also

seek to recover attorneys' fees and costs incurred in bringing this action.  Respondent did not

appear at the underlying arbitration hearing, has not responded to the instant Petition, and has not

otherwise appeared before this Court.  For the reasons set forth below, the motion is granted, but

with a reduction in Petitioners' request for attorneys' fees.

## I.    BACKGROUND[1]

### A.  Factual Background

The Trustees of the ERISA Funds are "employer and employee trustees of multiemployer

labor-management trust funds organized and operated in accordance with the Employee

Retirement Income Security Act."  Pet. 56.1 ¶ 1.  The Trustees of the Charity Fund are trustees of

"a charitable organization established under the [sic] section 501(c)(3) of the Internal Revenue

Code, 26 U.S.C. § 501(c)(3)."  *Id.* ¶ 2.  CCA Metro "is a labor management corporation operating

pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9)."  *Id.* ¶ 3.  Respondent is "a

domestic limited liability company incorporated under the laws of the State of New York."  Pet. ¶

7.  It is "an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was

an employer in an industry affecting commerce within the meaning of section 501 of the LMRA,

29 U.S.C. § 142."  *Id.*

In approximately August 2019, Respondent became a member of the Building Contractors

Association, Inc., a New York-based association of unionized construction contractors.  Pet. 56.1

---

[1] The facts set forth in this section are drawn from the Petition (Pet.), *see* ECF No. 1; the Local
Civil Rule 56.1 Statement of Facts (Pet. 56.1), *see* ECF No. 16; the Declaration of Petitioners'
Employer Services Director, William Davidian (Davidian Decl.), *see* ECF No. 13; the exhibits to
the Declaration of William Davidian, including the Collective Bargaining Agreement (CBA), the
Revised Statement of Policy for Collection of Employer Contributions (Collection Policy), the
Notice of Arbitration Hearing (Notice of Hearing), and the Opinion and Default Award of
Arbitrator (Award), *see* ECF Nos. 13-1 to 13-9; the Declaration of Maura Moosnick (Moosnick
Decl.), *see* ECF No. 14; and the exhibits to the Declaration of Maura Moosnick, including
Petitioners' Demand Letter to Respondents (Demand Letter) and the History Bill for the Court
(V&A Invoice), *see* ECF Nos. 14-1 to 14-2.  Where facts stated in the uncontested Rule 56.1
Statement are supported by admissible evidence, the Court accepts those facts as true.  *See* Local
Civ. R. 56.1(c)-(d).

¶ 5; *see* Davidian Decl. ¶ 8.  As a member of the association, Respondent agreed to be bound to a collective bargaining agreement (the "CBA") with the New York City District Council of Carpenters (the "Union"), the "certified bargaining representative for certain employees of [Respondent] Precision Furniture Installations, LLC."  Davidian Decl. ¶¶ 7-9.  The CBA "requires Respondent, *inter alia*, to make contributions to the Funds for all work performed [by Respondent's employees] within the trade and geographical jurisdiction of the Union."  Pet. 56.1 ¶ 8; Davidian Decl. ¶ 10; CBA art. XVII, § 1.  "[T]o ensure compliance with required benefit fund contributions," the CBA requires Respondent to "furnish its books and payroll records when requested by the Funds for the purposes of conducting an audit."  Pet. 56.1 ¶ 13; Davidian Decl. ¶ 14; CBA art. XVII, § 1.

Under the CBA, Respondent is also bound to the Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy").  Pet. 56.1 ¶¶ 9-10; CBA art. XVII, § 3.  The Collection Policy establishes procedures governing unpaid, or "delinquent," contributions owed to the Funds by employers.  Those procedures provide, in relevant part, that "in the event that an employer refuses to comply with the CBA's audit procedures, the Funds 'shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period. . . . A determination under this paragraph shall constitute presumptive evidence of delinquency.'"  Pet. 56.1 ¶ 15 (quoting Collection Policy § IV ¶ 12); Davidian Decl. ¶ 16.

The Collection Policy and the CBA provide that disputes over delinquent contributions are to be submitted to arbitration.  *See* Collection Policy § VI ¶ 1 ("legal action to collect delinquencies

shall generally be in the form of arbitration"); CBA art. XVII § 7 ("Should any dispute or disagreement arise between the parties hereto, or between the Union and any Employer-member signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute . . . ."); Pet. 56.1 ¶ 11; Davidian Decl. ¶ 13.  In any such arbitration proceedings regarding delinquent contributions, "the arbitrator shall be empowered to award . . . interest, liquidated damages, and/or costs."  CBA art. XVII, § 6(6).  To wit, "the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies."  Pet. 56.1 ¶ 16; Collection Policy § V; CBA art. XVII, § 6.  The employer "will be additionally responsible for damages including attorneys' fees and 'the entire cost of a payroll review and/or audit.'"  Pet. 56.1 ¶ 17 (citation omitted); Davidian Decl. ¶ 18; Collection Policy § IV ¶ 11; CBA art. XVII, § 7 (providing that "[t]he arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages").  Finally, in the event that Petitioners "institute court action to enforce an [arbitration] award," Respondent "shall pay any accountants' and attorneys' fees incurred by the . . . fund trustees, plus costs of litigation, which have resulted from the bringing of such court action."  CBA art. XIX, § 17(c).

Pursuant to the CBA, "the Funds attempted to conduct an audit of Respondent."  Pet. 56.1 ¶ 18; Davidian Decl. ¶ 19.  However, a "dispute arose between the parties when Respondent failed to cooperate with the auditors and did not produce all records requested for purposes of completing the Audit," as required under the CBA.  Pet. 56.1 ¶ 19; Davidian Decl. ¶ 20.  In light of

Respondent's "refus[al] to submit to an audit, the Funds conducted an estimated audit pursuant to the Collection Policy, which revealed that Respondent failed to remit contributions to the Funds in the principal amount of $1,540,756.99."  Pet. 56.1 ¶ 20; Davidian Decl. ¶ 21.

Accordingly, on October 31, 2022, Petitioners initiated the underlying arbitration proceeding in accordance with the Collection Policy.  Pet. 56.1 ¶ 21; Davidian Decl. ¶ 22; Award at 1.  On November 14, 2022, arbitrator Steven C. Kasarda (the "Arbitrator") issued a Notice of Arbitration Hearing to the parties setting a hearing date of December 8, 2022.  Pet. 56.1 ¶ 21; Notice of Hearing.

At the December 8 hearing, no representative for Respondent appeared.  Award at 2.  The Arbitrator first determined that Respondent "had legally sufficient notice of this proceeding and the claims against it," and "found the Respondent to be in default."  *Id.*  The Arbitrator then proceeded "to hear the testimony and take evidence on the claims of the Petitioners."  *Id.*

At the end of the hearing, the Arbitrator rendered an award in favor of Petitioners (the "Award").  Pet. 56.1 ¶¶ 22-23; Davidian Decl. ¶¶ 23-24; Award at 2-3.  The Arbitrator found, based on "the substantial and credible evidence" presented by Petitioners, that Respondent was "in violation of the [CBA] for its failure to permit [the] Funds auditors to examine its Books & Records . . . . in order to verify that all required contributions were made to [the Funds]."  Award at 2; Pet. 56.1 ¶ 22.  The Arbitrator determined that, "[i]n addition to the princip[al] [on delinquent contributions], [Petitioners] [we]re also owed all obligated interest, liquidated damages, cost of the suit, attorney fees and the fee of the Arbitrator all in accordance with the terms and provisions of the Collective Bargaining Agreement and the [Collection Policy]."  Award at 2; Pet. 56.1 ¶ 23.  The Arbitrator ordered Respondent to pay Petitioners $1,937,337.22, consisting of "(i) the estimated principal deficiency of $1,540,756.99, (ii) interest thereon of $85,528.83, (iii) liquidated

damages of $308,151.40, (iv) court costs of $400, (v) attorney's fee[s] of $1,500, and (vi) arbitrator's fee[s] of $1,000." Pet. 56.1 ¶ 23; Davidian Decl. ¶ 24; Award at 2-3. The Arbitrator "also found that interest at the rate of 6.75% w[ould] accrue on the Award from the date of the issuance of the Award." Pet. 56.1 ¶ 24; Davidian Decl. ¶ 25; Award at 3.

On January 3, 2023, Petitioners served Respondent with a letter "demanding payment and compliance with the Award." Pet. 56.1 ¶ 25; Moosnick Decl. ¶ 3; Demand Letter at 1-2. Respondent "has failed to comply with the Award." Pet. 56.1 ¶ 25; Davidian Decl. ¶ 26.

**B. Procedural Background**

In light of Respondent's refusal to comply with the Award, Petitioners initiated this action by filing a Petition to Confirm the Award, *see* ECF No. 1, which they promptly served on Respondent, *see* ECF Nos. 7, 8. The Court subsequently ordered Petitioners to move for confirmation of the Award in the form of a motion for summary judgment. ECF No. 9. That same Order established a briefing schedule for the parties. *Id.* In accordance with that schedule, Petitioners filed their summary judgment motion and supporting papers, requesting that the Court (i) confirm the Award; (ii) award Petitioners $4,030 in attorneys' fees and $162.35 in costs incurred by Virginia & Ambinder, LLP ("V&A") in connection with this litigation; and (iii) award post-judgment interest. ECF Nos. 12-16. In tandem with that filing, Petitioners served Respondent with their motion papers. ECF Nos. 17-18.

Respondent has not appeared in the case or responded to Petitioners' motion. Thus, the unopposed motion is ripe for the Court's consideration.

## II. LEGAL STANDARD

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Associated Musicians of Greater N.Y. v.*

*Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted).  The Second Circuit "has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process."  *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007).  "A court's review of an arbitration award is severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."  *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015) (quoting *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71-72 (2d Cir. 2012)).  "The federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes."  *N.Y. Hotel & Motel Trades Council v. Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997).  "Because the LMRA 'embodies a "clear preference for the private resolution of labor disputes,"' judicial review of arbitral awards in this context is 'among the most deferential in the law.'"  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Blue Moon Health Mgmt. LLC*, No. 22 Civ. 1807 (KPF), 2022 WL 16578119, at *3 (S.D.N.Y. Oct. 31, 2022) (quoting *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532, 536 (2d Cir. 2016)).

"Confirmation of an arbitration award is thus generally 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'"  *Id.* at *3 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)).  "The Court's task is not to reconsider the merits of the dispute; after all, the parties bargained for the arbitrator's view of the facts and the law."  *Id.* (citing *Nat'l Football League Mgmt. Council*, 820 F.3d at 536).  "Instead, [the court's] task is simply to ensure that the arbitrator was 'even arguably construing or applying the

contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Nat'l Football League Mgmt. Council*, 820 F.3d at 537 (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

In cases such as this, where the "petition to confirm an arbitration award is unopposed, courts should generally treat 'the petition and accompanying record . . . as akin to a motion for summary judgment.'" *Treasury Two Tr. v. Teras BreakBulk Ocean Navigation Enter. LLC*, No. 20 Civ. 4089 (GHW), 2020 WL 4937468, at *2 (S.D.N.Y. Aug. 24, 2020) (quoting *D.H. Blair & Co.*, 462 F.3d at 109). "Under the familiar summary judgment standard, 'a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Bailey Shipping, Ltd. v. Am. Bureau of Shipping*, 431 F. Supp. 3d 359, 364 (S.D.N.Y. 2019) (quoting Fed. R. Civ. P. 56(a)).

"However, 'even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.'" *Mason Tenders Dist. Council of Greater N.Y. & Long Island v. Adalex Grp., Inc.*, No. 13 Civ. 764 (PAE), 2013 WL 5322371, at *3 (S.D.N.Y. Sept. 23, 2013) (alterations omitted) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004)); *see Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."). Similarly, on an unopposed motion for confirmation of an arbitration award, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no

material issue of fact remains for trial." *Mason Tenders Dist. Council of Greater N.Y.*, 2013 WL

5322371, at *3 (quoting *D.H Blair & Co.*, 462 F.3d at 110).

### III. DISCUSSION

#### A. Confirmation of Award

Petitioners have met their burden "to show that no genuine factual dispute exists." *Vt.*

*Teddy Bear Co.*, 373 F.3d at 244. As an initial matter, "Petitioners have presented undisputed

evidence that arbitration was appropriate in this case." *Trs. of N.Y.C. Dist. Council of Carpenters*

*Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040 (RA), 2016 WL 6952345, at *3

(S.D.N.Y. Nov. 28, 2016). The CBA provides, in relevant part, that "[s]hould any dispute or

disagreement arise between the parties hereto, or between the Union and any Employer-member

signatory hereto, concerning any claim arising from payments to the Fund of principal and/or

interest which is allegedly due, either party may seek arbitration of the dispute." CBA art. XVII

§ 7; *see also* Collection Policy § VI ¶ 1 ("legal action to collect delinquencies shall generally be

in the form of arbitration"). The dispute here stemmed from Respondent's "fail[ure] to remit

contributions to the Funds." Pet. 56.1 ¶ 20; Davidian Decl. ¶ 21. Thus, "[t]his dispute is plainly

within the scope of the [Settlement Agreement's] arbitration provision." *Jessica Rose Enters.*

*Corp.*, 2016 WL 6952345, at *3; *see, e.g.*, *Treasury Two Tr.*, 2020 WL 4937468, at *2 (confirming

arbitration award upon finding, *inter alia*, that the arbitration provision in the parties' contract

constituted "undisputed evidence that the parties consented to arbitration for any dispute that might

arise out of or in connection with their contract").

Moreover, "there is no dispute that the arbitrator acted within the scope of his authority."

*Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3. The CBA provides that "[t]he arbitrator

shall have full and complete authority to decide any and all issues raised by the [Petitioners'

submission] and to fashion an appropriate remedy including, but not limited to, monetary damages." CBA art. XVII, § 7.  It further states that, "in the event that [arbitration] proceedings are instituted . . . to collect delinquent contributions to [the] Funds, the arbitrator shall be empowered to award . . . interest, liquidated damages, and/or costs."  *Id.* art. XVII, § 6(6). Petitioners "have submitted undisputed evidence, including a notice of the arbitration hearing and the Award itself, demonstrating that the arbitrator complied with the CBA by limiting his review to the issues raised by Petitioners—namely, Respondent's delinquent payments to the [Funds]." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *see* Notice of Hearing; Award at 2-3. Petitioners "have also submitted undisputed evidence, including the CBA and the Award, that the arbitrator's remedy was appropriate, for monetary damages, interest, fees, and costs are specifically identified as forms of relief available under the CBA."  *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *see* CBA art. XVII, §§ 6, 7.  "The undisputed evidence thus establishes that the arbitrator did not exceed the scope of his authority in rendering the Award."  *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *Trs. of Mason Tenders Dist. Council Welfare Fund v. Sukhmany Constr., Inc.*, No. 15 Civ. 7200 (PAE), 2016 WL 3659925, at *3 (S.D.N.Y. July 1, 2016) (granting unopposed petition to confirm arbitration award after determining that "[t]he arbitrator acted within the scope of the authority granted him by the parties").

Finally, based on the Court's "severely limited" review of the undisputed evidence before it, *United Bhd. of Carpenters*, 804 F.3d at 274, the Court concludes "that the Award is proper," *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Regal USA Concrete Inc.*, No. 22 Civ. 8202 (JPC), 2023 WL 8644513, at *6 (S.D.N.Y. Aug. 9, 2023).  "Here there is no indication that the Arbitrator's award was procured through fraud or dishonesty or that the

Arbitrator was acting in disregard of the CBA." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Architectural Metal Concept LLC*, 636 F. Supp. 3d 459, 465 (S.D.N.Y. 2022). "Rather, the record indicates that the Arbitrator based his award on undisputed evidence that the Funds conducted an audit in accordance with the terms of the CBA and determined that [Respondent] had been delinquent in its contributions to the [F]unds." *Id.*; *see* Award at 2. "The record further indicates that the Arbitrator based the amount of his award of principal, interest, liquidated damages, and various costs on relevant provisions in the [CBA and the Collection Policy] and on undisputed testimony." *Architectural Metal Concept LLC*, 636 F. Supp. 3d at 465; *see* Award at 2-3. Accordingly, the Court grants Petitioners' motion and confirms the Award of $1,937,337.22, including pre-judgment interest at a rate of 6.75 % per annum from the date of the award through the date of judgment in this action.

### B. Attorneys' Fees and Costs

Petitioners also request $4,030 in attorneys' fees and $162.35 costs arising from the instant litigation. Pet. Br. at 7-9. "Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award,' which section 301 of the LMRA does not provide." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Genrus Corp.*, No. 22 Civ. 4886 (JPC), 2022 WL 3536134, at *4 (S.D.N.Y. Aug. 18, 2022) (quoting *Int'l Chem. Workers Union, Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). However, "there are two independent bases that support such an award here." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Land Cruising Properties Inc.*, No. 21 Civ. 7877

(KPF), 2022 WL 1125623, at *5 (S.D.N.Y. Apr. 15, 2022).  "*First*, 'a contractual provision for the payment of attorneys' fees provides a basis to award them.'"  *Id.* (alterations omitted) (quoting *N.Y.C. Dist. Council of Carpenters v. JFD Sales Consulting Servs. Corp.*, No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y. Oct. 19, 2017)).  "*Second*, a court may 'exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith.'"  *Id.* (quoting *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012)).

Here, "the CBA includes a provision that allows the Funds to recover reasonable attorneys' fees and court costs upon prevailing in a confirmation action."  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *5 (S.D.N.Y. Apr. 25, 2017); *see* CBA art. XIX, § 17(c) (providing that Respondent "shall pay any . . . attorneys' fees incurred by the . . . fund trustees, plus costs of litigation, which have resulted from the bringing of such court action").  "Therefore, allowing the Funds to recover reasonable attorneys' fees and costs in the current action aligns with the parties' contractual expectations." *Formula 1 Builders, LLC*, 2017 WL 1483369, at *5 (holding that "an award of fees and costs [wa]s justified" because respondent had "enter[ed] into [a] CBA," under which "[respondent] agreed to submit to arbitration of disputes at the option of either party to the agreement").

Furthermore, Respondent has "act[ed] in bad faith."  *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc*., No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012). "A finding of bad faith may be made 'when a challenger refuses to abide by an arbitrator's decision without justification.'" *Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners of Am. v. Prime Contractors, Inc.*, No. 22 Civ. 7085 (KPF), 2023 WL 3849101, at *4 (S.D.N.Y.

June 6, 2023) (alterations and citation omitted); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." (citation omitted) (collecting cases)).  "Here, [Respondent] failed to participate in the arbitration proceeding, despite having been duly notified of the hearing. Following the arbitrator's decision that [Respondent] violated its obligations under the CBA, [Respondent] failed to satisfy any portion of the award and has subsequently failed to oppose the instant petition to confirm the award."  *Formula 1 Builders, LLC*, 2017 WL 1483369, at *5.  "In so doing, [Respondent] has failed to offer any justification for its refusal to abide by the decision of the arbitrator," *id.*, and "[t]he Court therefore finds it appropriate to award [Petitioners] reasonable attorneys' fees and costs," *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Metroplex Serv. Grp., Inc.*, No. 18 Civ. 5889 (PAE), 2018 WL 4141034, at *5 (S.D.N.Y. Aug. 30, 2018) (awarding attorneys' fees where "[respondent], in violation of the CBAs, failed to produce the requested books and records for an audit" and "also failed to respond to [petitioners'] motion for summary judgment to confirm that award"); *Prime Contractors, Inc.*, 2023 WL 3849101, at *5 (determining an award of attorneys' fees was warranted where "Respondent ha[d] not appeared, and ha[d] failed to justify its refusals to appear at the arbitration hearing or to abide by the Award").

Having determined that an attorneys' fees award is appropriate, the Court next considers the reasonableness of the fees sought.  "To determine an appropriate attorneys' fees award, the Court must assess" two factors: "the reasonableness of the attorney's hourly rate and the number of hours she billed at that rate."  *Blue Moon Health Mgmt. LLC*, 2022 WL 16578119, at *5.  To

that end, "the petitioner must submit 'contemporaneous time records [that] specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Talico Contracting Inc.*, No. 19 Civ. 4287 (AT), 2021 WL 4429603, at *3 (S.D.N.Y. Sept. 27, 2021) (quoting *N.Y. St. Ass'n for Retarded Children, Inc.* v. *Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).  Counsel for Petitioners have submitted contemporaneous time records identifying the time spent and tasks performed litigating this matter.  *See generally* V&A Invoice; Moosnick Decl.  In total, counsel billed $4,030 for 14.7 hours of work.  V&A Invoice at 3; Moosnick Decl. ¶ 11.  Specifically, counsel billed the time of (1) Maura Moosnick, an associate attorney who graduated from law school in 2021, at a rate of $310 per hour for .8 hours of work, *see* V&A Invoice at 1-3; (2) Matthew Vani, a law clerk awaiting admission to the bar who graduated from law school in 2022, at a rate of $310 per hour for 10.5 hours of work, *see id.*; and (3) and two legal assistants, each at a rate of $155 per hour, for 3.4 collective hours of work, *see id.*

Turning first to the number of hours billed, "the critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Architectural Metal Concept LLC*, 636 F. Supp. 3d at 467 (alterations and citation omitted).  "The time records submitted by Petitioner[s]' counsel are sufficiently detailed and establish that, among other tasks, counsel drafted the petition for confirmation, performed research, and composed a summary judgment filing." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016); *see also generally* V&A Invoice; Moosnick Decl.  The Court concludes that 14.7 hours "is a reasonable number of hours worked given the description of the tasks performed." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman*

14

*Retraining, Educ. & Indus. Fund v. P&J Wood Floors, Inc.*, No. 22 Civ. 9386 (GHW), 2023 WL 2186341, at *5 (S.D.N.Y. Feb. 23, 2023) (determining that 15.6 hours spent preparing a "petition to confirm the arbitration award[,] . . . mo[tion] for summary judgment[,] . . . complaint, and all [other] relevant filings" was "reasonable"); *see also, e.g.*, *Architectural Metal Concept LLC*, 636 F. Supp. 3d at 467 (holding that "the 14.1 hours of work related to bringing th[e] petition" was "reasonable . . . given the description of the tasks" undertaken by counsel, including preparing petition to confirm award, motion for summary judgment, and supporting papers); *Formula 1 Builders, LLC*, 2017 WL 1483369, at *3, 5 (finding that "18.30 hours of legal work," which consisted of preparing a "petition and summons, [a] motion for summary judgment, and . . . . supporting documents," was "reasonable").

With respect to the proposed hourly rates, "[a] reasonable hourly rate is a rate 'in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel. Prendergast* v. *Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (alterations omitted) (quoting *Blum* v. *Stenson*, 465 U.S. 886, 895 n.11 (1984)). "It is within the Court's discretion to reduce the requested rate when the Court finds the rate unreasonable in the relevant market." *Blue Moon Health Mgmt. LLC*, 2022 WL 16578119, at *6 (citation omitted). The Court has reviewed V&A's contemporaneous time records and compared them against the prevailing rates in the community. While it finds the rates requested for the work of the legal assistants to be reasonable, it adjusts the rates of Ms. Moosnick and Mr. Vani.

Beginning with Ms. Moosnick, the Court does not approve the requested $310 rate and reduces her rate to $275 per hour. "The latter rate is the more appropriate one for associates with Ms. Moosnick's experience, as a court in this district recently concluded regarding Ms. Moosnick

herself." *Architectural Metal Concept LLC*, 636 F. Supp. 3d at 467 (collecting cases); *see, e.g.*, *Regal USA Concrete Inc.*, 2023 WL 8644513, at *6 (reducing Ms. Moosnick's rate from $310 to $275 based on her "experience . . . and to reflect the fact that other courts have approved . . . $275 for time billed by Ms. Moosnick"); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Associated Env't Servs. Ltd.*, No. 22 Civ. 08909 (ALC), 2023 WL 3477593, at *4 (S.D.N.Y. May 16, 2023) (approving rate of $275 for Ms. Moosnick as "reasonable and . . . in line with fee awards in similar cases"); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Kaja Custom Builders LLC*, No. 22 Civ. 171 (VM), 2022 WL 987667, at *2 (S.D.N.Y. Mar. 31, 2022) (same).  "No meaningful distinction exists between [Ms. Moosnick's] prior cases and the instant one so as to warrant granting a rate of [$310] per hour." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. S&S Kings Corp.*, No. 19 Civ. 01052 (RA), 2019 WL 4412705, at *5 (S.D.N.Y. Sept. 16, 2019).

The Court also declines to approve the requested rate of $310 per hour for Mr. Vani.  That "hourly rate is too high for a . . . law clerk who has not yet been admitted to the bar." *P&J Wood Floors, Inc.*, 2023 WL 2186341, at *6.  "Courts in this District have awarded [law clerks] performing similar work hourly rates of $225 per hour." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. 809 Sols. LLC*, No. 22 Civ. 10632 (LJL), 2023 WL 2787454, at *5 (S.D.N.Y. Apr. 5, 2023) (finding that Mr. Vani's requested hourly rate "exceed[ed] the appropriate rate for . . . [his] tenure"—a law clerk with "less than two years of experience"—and reducing his hourly rate

to $225); *Regal USA Concrete Inc.*, 2023 WL 8644513, at *6 (approving rate of $225 for Mr. Vani).  The Court therefore adjusts Mr. Vani's hourly rate to $225.

As for the two legal assistants, courts in this District have found $155 "to be reasonable for similar, if not identical, services by such individuals." *Blue Moon Health Mgmt. LLC*, 2022 WL 16578119, at *6; *see, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Prime Contractors, Inc.*, No. 23 Civ. 872 (PAE), 2023 WL 2823020, at *4 (S.D.N.Y. Apr. 7, 2023) ($155 hourly rate for V&A legal assistants was "reasonable and in line with attorneys' fees awarded in similar actions in this District"); *Regal USA Concrete Inc.*, 2023 WL 8644513, at *7 (same); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Prime Installations Inc.*, No. 23 Civ. 10349 (AS), 2024 WL 421243, at *1 (S.D.N.Y. Jan. 19, 2024) (same).  The Court therefore grants the requested $155 hourly rate for V&A's legal assistants.

Petitioners also seek to recover costs.  "Courts in this Circuit will generally grant 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6 (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).  The $162.35 requested by Petitioners "consists primarily of postage and service fees, which courts regularly permit." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Rashel Constr. Corp.*, No. 22 Civ. 9854 (KPF), 2023 WL 3849103, at *8 (S.D.N.Y. June 6, 2023) ("find[ing] Petitioners' request for $164.14 in costs to be reasonable"); *see also, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Mahi Painting, Inc.*, No. 22 Civ.

17

6496 (GHW), 2022 WL 7584364, at *6 (S.D.N.Y. Oct. 13, 2022) (granting "the reimbursement of $181.10 in court costs resulting from serving [respondent] with the petition to confirm the arbitration award and court fees").

Accordingly, Petitioners' request for attorneys' fees and costs is granted, but at the reduced rate of $275 per hour for Ms. Moosnick's work and $225 per hour for Mr. Vani's work.  Petitioners are therefore entitled to $3,109.50 in attorneys' fees and $162.35 in costs.

### C.  Post-Judgment Interest

Finally, Petitioners seek post-judgment interest.  Pet. at 8 ¶ 3.  Pursuant to 28 U.S.C. § 1961, "[s]uch interest 'shall be allowed on any money judgment in a civil case recovered in a district court[,] at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.'"  *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6 (alterations omitted) (quoting 28 U.S.C. § 1961(a)).  "'[T]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered,' and 'awards of post-judgment interest under § 1961 apply to actions to confirm arbitration awards.'"  *Rashel Constr. Corp.*, 2023 WL 3849103, at *8 (alterations and citations omitted); *see, e.g.*, *Trs. for Mason Tenders Dist. Council Welfare Fund* v. *Euston St. Servs., Inc.*, No. 15 Civ. 6628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) (awarding "post-judgment interest in action to confirm arbitration award" (citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004)).  Thus, the Court grants Petitioners' request for post-judgment interest.

### IV.  CONCLUSION

For the foregoing reasons, Petitioners' motion for summary judgment is GRANTED.  The Clerk of Court is directed to enter judgment in favor of Petitioners, consisting of (i) the arbitration

award of $1,937,337.22, plus pre-judgment interest calculated at 6.75% per annum from December 28, 2022 through entry of this Judgment; (ii) $3,271.85 in attorneys' fees and costs related to bringing this action; and (iii) post-judgment interest which shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to terminate the motion pending at ECF No. 12 and to close this case.

SO ORDERED.

Dated: March 31, 2024
New York, New York

JENNIFER H. REARDEN
United States District Judge